Case 3:20-cv-00280   Document 20   Filed on 01/07/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SCOTT M. HEATON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-cv-00280 |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Plaintiff Scott M. Heaton ("Heaton") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Heaton and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Administration" or "Commissioner").[1] *See* Dkts. 18, 19. After reviewing the briefing, the record, and the applicable law, Heaton's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**

## BACKGROUND

Heaton filed an application for supplemental security income under Title II of the Act on April 19, 2017, alleging disability beginning on July 11, 2014. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Heaton was not

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

disabled. Heaton filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Heaton had "not engaged in substantial gainful activity since April 19, 2017, the application date (20 CFR 416.971 *et seq.*), or the alleged onset of July 11, 2014." Dkt. 16-3 at 14.

The ALJ found at Step 2 that Heaton suffered from "the following severe impairments: hypertension, ventral hernia, degenerative disc disease of the lumbar spine, morbid obesity, obstructive pulmonary restrictive disease, sleep apnea, depression, anxiety and alcohol dependence." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Heaton's RFC as follows:

> [Heaton] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). [Heaton] cannot climb ladders, ropes or scaffolds. He is able to bend, stoop, kneel, crouch and crawl only occasionally. [Heaton] should work in a climate control environment such as air conditioned without pulmonary irritants not found in the normal controlled environment such as air conditioned. He is able to walk 30 to 45 minutes at a time but has to use a cane to

> mobilize. Mentally, [Heaton] is limited to simple and detailed work with frequent interaction with supervisors, coworkers and the public.

*Id.* at 19.

At Step 4, the ALJ found that Heaton is unable to perform any past relevant work. *See id.* at 25. At step five, the ALJ considered Heaton's age, education, work experience, and RFC in conjunction with the Medical Vocational Guidelines and the testimony of a vocational expert to determine if there was any other work he could perform. The ALJ concluded that Heaton "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate." *Id.* at 28.

## DISCUSSION

In this appeal, Heaton contends that the ALJ's RFC finding is "erroneous because it fails to properly accommodate for all of [his] impairments." Dkt. 18 at 5. Specifically, Heaton claims that the ALJ's finding that he can perform sedentary work is internally inconsistent. His argument on this point is muddled. First, he notes that an individual working at the sedentary level is required to "occasionally" stand and walk and "lift[] and carry[] articles like docket files, ledgers, and small tools." *Id.* (citing 20 C.F.R. § 416.967(a)). Next, he explains that in terms of walking or standing, "occasionally" means that "periods of standing or wal[k]ing should generally total no more than about 2 hours out of an 8 hour day." *Id.* (citing Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5). After pointing out that the ALJ limited his standing and walking to 30 to 45 minutes at a time and indicated that he would need to use a cane when walking, Heaton sums up by arguing that the ALJ erred in not limiting his ability to lift or carry in any way, despite the fact that at least one of his hands and arms would be occupied by the use of a cane.[2] *See id.* at 6. In my view, this argument is misguided.

---

[2] Heaton cites only one case in support of his argument: *Villarreal v. Colvin*, 221 F. Supp. 3d 835, 851 (W.D. Tex. 2016). However, I find that *Villarreal* is inapposite. In *Villarreal*, the ALJ determined that the claimant could perform a range of "light work" but described

4

As stated in SSR 83-10: "'Occasionally' means occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5. While the regulation further limits walking and standing (i.e., a maximum of 2 hours out of an 8-hour day), no such additional limitation is imposed on an individual's ability to lift and carry. This means that the ALJ's RFC implicitly limited Heaton to lifting and carrying articles from very little up to one-third of the time. "Very little," the descriptor of the low end of the metric, is certainly an amorphous description. But no matter how I slice it, any additional detail provided by the ALJ would certainly fall within the range of "from very little up to one-third of the time." *Id.* In other words, the ALJ simply did not err.[3]

## CONCLUSION

For the reason provided above, Heaton's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED.**

SIGNED this 7th day of January 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

specific limitations that failed to meet the statutory definition of "light work." *See id.* at 851–52. Based on this incongruity, the court reversed the ALJ. *See id.* This type of inconsistency is not at issue in this case.

[3] This conclusion is only bolstered by the fact that ultimately the ALJ relied on the testimony of a vocational expert, who expressly identified jobs that Heaton could perform notwithstanding his cane usage. *See* Dkt. 16-3 at 74–78.